IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| JOHN W. RELIFORD, | ) | |
| | ) | |
| Plaintiff, | ) | No. 08 CV 1266 |
| | ) | |
| v. | ) | Judge David H. Coar |
| | ) | Magistrate Judge Martin C. Ashman |
| UNITED PARCEL SERVICE, | ) | |
| | ) | |
| Defendant. | ) | |

**UNITED PARCEL SERVICE'S
MOTION TO DISMISS COMPLAINT**

Defendant United Parcel Service, Inc. ("UPS") moves this Court pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure to dismiss the Complaint of John W. Reliford ("Plaintiff" or "Reliford").  In support of its motion, UPS states as follows:

1. On March 3, 2008, Reliford filed his *pro se* Complaint alleging he was discriminated against based on his age and retaliated against in violation of the Age Discrimination in Employment Act of 1967, 29 U.S.C. § 621 *et seq.* ("ADEA").  UPS now moves to dismiss Reliford's Complaint because (1) he released UPS of any ADEA claims when he executed a Separation Agreement and Release ("Agreement), and (2) he has failed to satisfy the condition precedents to filing suit on his ADEA claims.

**I.  Reliford's Claims Are Barred By the Employee Separation Agreement He Knowingly and Voluntarily Executed in March 2007**

2. Reliford resigned from his employment with UPS as of March 14, 2007, pursuant to the Agreement.  In exchange for his resignation and release of all claims against UPS, including "***any and all claims under the Age Discrimination in Employment Act of 1967***," UPS

paid Reliford consideration in addition to that paid to settle his workers' compensation claim. (Compl. p. 1 & 3; Exhibit 2.)

3. Reliford acknowledges executing the Agreement on the face of his Complaint, and his pleading demonstrates that his decision to do so was knowing and voluntary. (See Compl. p. 1 & 3.)

4. Because Reliford pleads himself out of court by alleging he executed the Agreement and waived his claims knowingly — for financial reasons — and absent legally cognizable duress, his Complaint should be dismissed.

## II. Reliford's Claims Are Time-Barred Because the Underlying Charge Was Filed More Than 300 Days After the Initial Act of Alleged Discrimination

5. Reliford filed EEOC Charge 440-2007-07161 on August 15, 2007, alleging age discrimination and retaliation based on the following events: (1) he sustained an injury on the job on December 5, 2005; (2) in or around February 2007, he made a protected complaint; (3) he was terminated on March 14, 2007.

6. The ADEA requires the filing of a charge within 300 days of the initial alleged discriminatory act.

7. According to Reliford's Complaint allegations, his discrimination claims extend as far back as the date he began his employment with UPS, or November 7, 1997. (Compl., p. 3; Exhibit 1.) Reliford's Complaint should be dismissed because he did not file the underlying charge until *nearly 10 years after the discrimination allegedly began*. In addition, Reliford's Complaint should also be dismissed because his allegations are beyond the scope of the underlying charge, which *only* complains of his "termination" on March 14, 2007.

8. UPS submits herewith a memorandum of law in support of this Motion.

WHEREFORE, Defendant United Parcel Service, Inc. requests that this Court dismiss Plaintiff's Complaint with prejudice pursuant to Rule 12(b)(6), and award UPS its costs, including attorneys' fees, reasonably incurred in obtaining dismissal.

Dated: April 25, 2008

        Respectfully submitted,

        UNITED PARCEL SERVICE, INC.

        By: /s/ Meghan E. Riley
            One of Its Attorneys

John A. Klages, ARDC #06196781
Ellen M. Girard, ARDC #06276507
Meghan E. Riley, ARDC #06288548
Quarles & Brady LLP
500 West Madison Street, Suite 3700
Chicago, IL 60661
(312) 715 – 5000
Jk2@quarles.com
egirard@quarles.com
meriley@quarles.com

**CERTIFICATE OF SERVICE**

      The undersigned attorney certifies that on April 25, 2008, a copy of the foregoing UPS'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT was filed electronically. Notice of this filing will be sent to the following parties by operation of the Court's electronic filing system.

      The undersigned also certifies that she served a true and correct copy of the foregoing UPS'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT upon:

> John W. Reliford
> 370 Cloverdale Lane
> Bolingbrook, IL 60440

by placing same in the U.S. Mail at 500 West Madison Street, Chicago, Illinois 60661, properly addressed and first class postage prepaid, before 5:00 p.m. on April 25, 2008.

                      /s/ Megan E. Riley