IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| JOHN W. RELIFORD, | ) | |
| | ) | |
| Plaintiff, | ) | No. 08 CV 1266 |
| | ) | |
| v. | ) | Judge David H. Coar |
| | ) | Magistrate Judge Martin C. Ashman |
| UNITED PARCEL SERVICE, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM IN SUPPORT OF
## DEFENDANT'S MOTION TO DISMISS COMPLAINT

Defendant, United Parcel Service, Inc. ("UPS"), submits this memorandum of law in support of its motion to dismiss Plaintiff John W. Reliford's ("Plaintiff" or "Reliford") Complaint pursuant to Rule 12 (b)(6) of the Federal Rules of Civil Procedure.

On March 3, 2008, Reliford filed his *pro se* Complaint alleging he was discriminated against based on his age and retaliated against in violation of the Age Discrimination in Employment Act of 1967, 29 U.S.C. § 621 *et seq.* ("ADEA"). UPS moves to dismiss Reliford's Complaint because he released UPS of any ADEA claims when he knowingly and voluntarily signed an Employee Separation Agreement ("Agreement") on March 14, 2007. Additionally, UPS moves to dismiss the Complaint because Reliford failed to satisfy the condition precedents to filing suit on his ADEA claims.

## BACKGROUND

Reliford, hired in 1997, worked as a feeder (tractor-trailer) driver out of UPS's Chicago Area Consolidated Hub facility in Hodgkins, Illinois. (See Charge attached as Exhibit 1.)[1]  In March 2007, Reliford executed an "Employee Separation Agreement," which stated that he "freely and voluntarily resigns from his employment at the Company, effective March 14, 2007. . .." (See Exhibit 2, ¶ 1.)[2]  Pursuant to the Agreement, Reliford released UPS from "any and all claims, actions and causes of action . . . known or unknown . . .," including "*any and all claims under the Age Discrimination in Employment Act of 1967*." (See Exhibit 2, ¶ 2.)

Despite freely and voluntarily entering into the Agreement, Reliford filed an EEOC charge on August 15, 2007, alleging age discrimination and retaliation based on the following events:  (1) he sustained an injury on the job on December 5, 2005; (2) in or around February 2007, he made a protected complaint; (3) he was terminated on March 14, 2007.  The EEOC found no evidence of discrimination and issued Reliford a Dismissal and Notice of Rights letter in December 2007. (See Exhibit 1.)  Reliford filed the present Complaint on March 3, 2008.

---

[1] As Plaintiff's underlying charge of discrimination and Notice of Right to Sue are central to Reliford's ADEA claim, Fed.R.Civ.P. 10(c) permits the Court to consider them in deciding this Rule 12(b)(6) motion without converting the motion to a motion for summary judgment.  See Duferco Steel, Inc. v. M/V Kalisti, 121 F.3d 321, 324 (7th Cir. 1997) ("Documents referred to in, but not attached to, a plaintiff's complaint that are central to its claim may be considered in ruling on a Rule 12(b)(6) motion if they are attached to the defendant's motion to dismiss."); Perkins v. University of Illinois at Chicago, No. 95 C 4320, 1995 WL 680758, at *3 (N.D. Ill. 1995) (EEOC Charges and Notices of Right to Sue not attached to the complaint were properly considered in context of Rule 12(b)(6) motion as they were central to plaintiff's Title VII claim and referenced within the complaint).
[2] As the Employee Separation Agreement is referenced in the Complaint and central to Plaintiff's claims, Fed.R.Civ.P. 10(c) permits the Court to consider it in deciding this Rule 12(b)(6) motion without converting the motion to a motion for summary judgment.  Duferco, supra note 2.

## COMPLAINT ALLEGATIONS[3]

Although the Complaint allegations are vague, Reliford apparently attempts to allege causes of action under the ADEA for age discrimination and retaliation. To support his claims, Reliford enumerates the following actions by UPS:

1. UPS was "[r]eluctant to hire [me] until pressured";

2. UPS "[t]ired [*sic*] to terminate me through unfair training tactics . . . ";

3. "Trainers were told to give me inadequate training and then flunk me";

4. "My employment was almost terminated before I became certified by them launching a sham on the premises";

5. "My employment was in jeopardy by falsifying my work records before I became eligible for pension";

6. UPS "forced me to sign a separation agreement before they would do the right thing concerning my worker's compensation injury";

7. UPS "breached various articles in my union collective bargaining contract because of age discrimination"; [4]

8. UPS "caused me to operate unsafe and defective equipment to cause my performance level to go down qualifying me for job termination.."

(Compl., p. 1.)

In unnumbered paragraphs, Reliford further alleges there "are other age discriminatory acts that UPS and its associates committed" to retaliate against him for complaining of age discrimination "throughout the years of this course of action." (Id.)

Reliford also claims the alleged discrimination intensified following his involvement in an on-the-job truck accident on December 9, 2005. (Compl., p. 2-3.) He then admits on the face

---

[3] For the purposes of this motion only, UPS will assume that the factual allegations in Reliford's Complaint, (attached hereto as Exhibit 3), are true.

[4] In so much as Reliford attempts to allege a violation of Section 301 by claiming breach of the collective bargaining agreement, any such claim is time-barred by the applicable six-month statute of limitations. DelCostello v. International Brotherhood of Teamsters, 462 U.S. 151, 155 (1983).

QBACTIVE\920018.01174\6178080.1

of his Complaint that he signed a workers' compensation settlement and an "Employee Job Separation Agreement" "*to secure backpay and insurance treatment for my wife . . . and to prevent foreclosure on our home along with other very important reasons*." (Compl., p. 3.) (Emphasis supplied.)

With respect to the relevant timeframe for the discrimination and retaliation alleged in his Complaint, Reliford claims he complained "for years" regarding discrimination. (Compl. p. 2.) In fact, he claims the alleged discrimination endured as "consistent and documented from the beginning of my filling out an application for employment with UPS . . .." (Compl., p. 3.)

## ARGUMENT

**I.      Reliford's Claims Are Barred By the Employee Separation Agreement He Knowingly and Voluntarily Executed  in March 2007**

Reliford's ADEA claims are barred by the Agreement he "freely and voluntarily" executed on March 14, 2007. (See Exhibit 2.)  Specifically, Paragraph Two of the Agreement releases UPS from:

> [A]ny and all claims, actions and causes of action, at law or inequity, known or unknown, directly or indirectly relating to Employee's employment with the Company or separation of said employment, *including but not limited to, any and all claims of age discrimination under the Age Discrimination in Employment Act of 1967* ... ."

(Id.) (Emphasis supplied.)  Paragraph Eight of the Agreement above Reliford's signature reads as follows in all caps:

> **EMPLOYEE ACKNOWLEDGES THAT EMPLOYEE HAS FULLY UNDERSTOOD THIS AGREEMENT; THAT EMPLOYEE ENTERED INTO IT FREELY AND VOLUNTARILY AND WITHOUT COERCION OR PROMISES NOT CONTAINED IN THIS AGREEMENT; THAT EMPLOYEE WAS GIVEN THE OPPORTUNITY TO REVIEW THIS AGREEMENT WITH LEGAL COUNSEL OF EMPLOYEE'S CHOICE BEFORE SIGNING IT, AND THAT EMPLOYEE WAS ENCOURAGED TO CONSULT WITH AN ATTORNEY PRIOR TO SIGNING IT.**

(Id.)  Also, as specified in Paragraph Five of the Agreement, he was given 21 days to consider the Agreement's terms before signing and an additional 7 days to revoke after signing.  (Id.)

The law and public policy favor private resolution of disputes and, as such, it is well settled that an employee may waive causes of action under the ADEA in a settlement with his employer if consent to the release is knowing and voluntary.  Pierce v. Atchison, Topeka and Santa Fe Ry. Co., 65 F.3d 562, 569 (7th Cir. 1995); Riley v. Am. Family Mut. Ins. Co., 881 F.2d 368, 371 (7th Cir. 1989).  It is similarly well settled that if a plaintiff, though not required to do so, pleads facts, and the facts show he is not entitled to a judgment, the complaint should be dismissed pursuant to Rule 12(b)(6).  See e.g., Edwards v. Snyder, 478 F.3d 827, 830 (7th Cir. 2007) (recognizing, "[a] complaint can also allege too much; a plaintiff may unwittingly plead himself out of court by alleging facts that preclude recovery").  In the instant case, Reliford waived his claims as a matter of law because his pleading demonstrates that he entered into the Agreement knowingly and voluntarily.

Reliford's assent to the terms was knowing and voluntary because the Complaint does not allege UPS misrepresented the terms of the release, or that Reliford was unaware of its terms.  Sherman v. Standard Rate Data Service, Inc., 709 F.Supp. 1433, 1439 (N.D. Ill. 1989) (granting defendant's motion to dismiss based on its conclusion that the plaintiff knowingly and voluntarily waved her Title VII claim because her complaint contained "no allegation concerning the integrity of the release or her lack of knowledge as to its terms").  Additionally, the facts Reliford pleads show that he signed his name with full knowledge of what he was doing, what he was receiving in return, and what his situation would be if he decided otherwise.  Indeed, his very own characterizations of the Agreement and surrounding circumstances, along with the absence

of *any* claim that he was confused on the meaning and implications of its provisions, suffice to show that he knowingly bound himself to its terms.

Also, nothing in the Complaint suggests Reliford executed the Employee Separation Agreement without free will and judgment. He admits that after his accident he signed a settlement agreement for his workers' compensation claim because he needed "to secure back pay and insurance treatment for my wife to save her and to prevent foreclosure on our home along with other very important reasons." He says now he was forced to sign a separate Employee Separation Agreement before the Company would "do the right thing" and settle his workers' compensation claim. Notably though, even assuming what he says is true for purposes of this motion, Reliford cannot dispute that he could have litigated his workers' compensation claim if he did not want to sign the Employee Separation Agreement. He chose not to litigate his workers' compensation claim because he wanted to secure payment and avoid the risk of trial on his workers' compensation claim. These motives do not, as a matter of law, raise the red flag of duress. See also Wittkoff v. USG Corporation, No. 89 C 6004, 1989 WL 135242, at *2-3 (N.D. Ill. 1989) (granting defendant's motion to dismiss plaintiff's ADEA claim based on its finding that, despite plaintiff's claim of duress, his release was knowing and voluntary, where plaintiff claimed he signed the release with "maximum economic pressure" and "maximum duress"). As the Wittkoff court recognized, "economic duress is simply not duress at all." Id. at *3.

There is no allegation that UPS threatened to deprive Reliford of any present entitlement if he refused to sign; nor does the Complaint allege any intimidation, coercive acts, or that no other alternative was available. See Pierce v. Atchison, Topeka and Santa Fe Ry. Co., 65 F.3d 562, 569 (7th Cir. 1995) ("[O]ne cannot successfully claim duress as a defense to a contract when he had an alternative to signing the agreement."). Reliford could have chosen to litigate

his workers' compensation claim if he did not like the idea of having to sign the Employee Separation Agreement. But he wanted the money and elected to resign his employment instead of litigating his workers' compensation claim. Because Reliford has pled himself out of court by alleging that he executed a release and waived his claims knowingly — for financial reasons — and absent legally cognizable duress, his Complaint should be dismissed.

## II. Reliford's Claims Are Time-Barred Because the Underlying Charge Was Filed More Than 300 Days After the Initial Act of Alleged Discrimination

Reliford's Complaint should also be dismissed because his claims are time-barred. According to his Complaint allegations, Reliford's discrimination claims extend as far back as the date he first applied for employment with UPS — on or around November 7, 1997. Yet, he did not file the underlying charge until August 15, 2007, *nearly 10 years after the discrimination allegedly began*. The ADEA requires the filing of a charge within 300 days of the initial alleged discriminatory act, and that a lawsuit should be dismissed if it is based on a charge of discrimination filed more than 300 days after the alleged act of discrimination. 29 U.S.C. § 626(d)(2); Chakonas v. City of Chicago, 42 F.3d 1132, 1135 (7th Cir. 1994).

Reliford filed his underlying charge on August 15, 2007. As such, the initial allegedly discriminatory act relating to his claims must have occurred on or after October 19, 2006, to be actionable. Reliford's Complaint makes very clear his belief that UPS began discriminating and retaliating against him long before this time. For example, he bases his discrimination cause of action, in part, on the allegation that UPS was "reluctant" to hire him, and claims he complained of age discrimination by UPS "for years." (Compl., p. 1-2.) Most telling, however, is his assertion that the discrimination "*was consistent and documented from the beginning of my filling out an application for employment with UPS until date*." (Compl., p. 3.) (Emphasis supplied.)

- 7 -

Because Reliford's Complaint makes clear that he waited *nearly a decade* after the alleged discrimination and retaliation began before filing the underlying charge, his discrimination and retaliation claims are time-barred and should be dismissed.

### III.    Reliford's Claims are Barred Because They Are Beyond the Scope of the Underlying EEOC Charge

Reliford's Complaint should be dismissed for the additional reason that his claims are beyond the scope of the underlying EEOC charge. A condition precedent to bringing suit in federal court on an ADEA claim is to file a charge with the EEOC. An employee who files a discrimination complaint can bring only those claims included in the underlying EEOC charge, or those reasonably related to the charge allegations and expected to grow out of the EEOC's investigation. Stansberry v. Uhlich Children's Home, 264 F.Supp.2d 681, 687 (N.D. Ill. 2003) (citing Cheek v. Western & S. Life Ins. Co., 31 F.3d 497, 500 (7th Cir. 1994)). "This rule is designed to give the employer some warning of the conduct about which the employee is aggrieved, and it affords the EEOC and the employer an opportunity to attempt conciliation without resort to the courts." Sauzek v. Exxon Coal USA, Inc., 202 F.3d 913, 920 (7th Cir. 2000).

As one of the purposes of the charge filing requirement is notice to the employer, the reasonable relationship exception to this requirement is not met without a substantial factual relationship between the claims. This is true, even when the two claims allege the same form of discrimination. See Vela v. Village of Sauk Village, 218 F.3d 661, 664 (7th Cir. 2000). As the Seventh Circuit has recognized:

> Because an employer may discriminate on the basis of sex in numerous ways, a claim of sex discrimination in an EEOC charge and a claim of [sex] discrimination in a complaint are not alike or reasonably related just because they both assert forms of sex discrimination. The claims are not alike or reasonably related unless there is a factual relationship

- 8 -

between them. ***This means that the EEOC charge and the complaint must, at a minimum, describe the same conduct and implicate the same individuals.***

(Cheek, 31 F.3d at 501) (emphasis supplied) (citing Rush v. McDonald's Corp., 966 F.2d 1104, 1110 (7th Cir. 1992) (EEOC charge and complaint not alike or reasonably related where employee complained to the EEOC of only certain episodes of discrimination, and then sought judicial relief for different episodes of discrimination)).  This requirement applies regardless of a plaintiff's *pro se* status at the time they file their charge with the EEOC.  See Cheek, 31 F.3d at 501 (emphasizing that "***the requirement of some specificity in an EEOC charge is not a mere technicality***. . .," and "differences between the claims in the complaint and the allegations in the charge ***cannot be overlooked, even under the liberal standard of pleading applied*** to allegations in an EEOC charge.") (emphasis supplied).

As discussed above, Reliford's Complaint pleads a collection of allegedly discriminatory and/or retaliatory actions by UPS dating back to the inception of the employment relationship — none of which appear in his underlying charge.  Reliford's charge simply alleges that UPS violated the ADEA with ***one action***:  when it allegedly terminated him on March 14, 2007, because of his age (67) and in retaliation for making a "protected complaint."  However, the facts and dates alleged in Reliford's Complaint not only spill well outside the bounds of his charge, but are unrelated as a matter of law because they describe discretely different pre-separation conduct. See e.g., Cheek, 31 F.3d at 501 (employee's sex discrimination claims that her employer transferred her and other women to less lucrative sales route was not exhausted where her charge alleged only sex discrimination claims that her employer intimated her and forced her to pay her client's insurance premiums).  In fact, Reliford's Complaint does not even reference the incident upon which he based his EEOC charge, as nowhere does his Complaint allege that UPS

*terminated* his employment on March 14, 2007, to discriminate or retaliate against him.  Rather, he admits on the face of his Complaint to signing an Employee Separation Agreement for financial reasons, which does not constitute termination by any stretch.[5]

Accordingly, Reliford's Complaint should be dismissed based on his failure to satisfy the conditions precedents for filing suit on his claims.

## CONCLUSION

For the reasons set forth herein, Reliford's Complaint fails to state a claim for which relief can be granted and should be dismissed pursuant to Fed.R.Civ.P. Rule 12 (b)(6).

Dated: April 25, 2008

Respectfully submitted,

UNITED PARCEL SERVICE, INC.

By: /s/ Meghan E. Riley
    One of Its Attorneys

John A. Klages, ARDC #06196781
Ellen M. Girard, ARDC #06276507
Meghan E. Riley, ARDC #06288548
Quarles & Brady LLP
500 West Madison Street, Suite 3700
Chicago, IL 60661
(312) 715 – 5000
Jk2@quarles.com
egirard@quarles.com
meriley@quarles.com

---

[5] Nor can Reliford's Complaint possibly be read to assert a claim of discrimination or retaliation with respect to his termination since he alleges he signed the Employee Separation Agreement and voluntarily ended his employment himself because he needed the money. See e.g., Edwards v. Snyder, 478 F.3d 827, 830 (7th Cir. 2007) (recognizing, "[a] complaint can also allege too much; a plaintiff may unwittingly plead himself out of court by alleging facts that preclude recovery").

## CERTIFICATE OF SERVICE

The undersigned attorney certifies that on April 25, 2008, a copy of the foregoing MEMORANDUM IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS was filed electronically. Notice of this filing will be sent to the following parties by operation of the Court's electronic filing system.

The undersigned also certifies that she served a true and correct copy of the foregoing MEMORANDUM IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS upon:

> John W. Reliford
> 370 Cloverdale Lane
> Bolingbrook, IL 60440

by placing same in the U.S. Mail at 500 West Madison Street, Chicago, Illinois 60661, properly addressed and first class postage prepaid, before 5:00 p.m. on April 25, 2008.


/s/ Meghan E. Riley

# EXHIBIT 1

EEOC Form 5 (5/01)

| CHARGE OF DISCRIMINATION | Charge Presented To: | Agency(ies) Charge No(s) |
|---|---|---|
| This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | ☐ FEPA<br>☒ EEOC | 440-2007-07161 |

**Illinois Department Of Human Rights** and EEOC

*State or local Agency, if any*

| Name (indicate Mr., Ms., Mrs.) | Home Phone (Incl. Area Code) | Date of Birth |
|---|---|---|
| Mr. John W. Reliford | (630) 378-0475 | 12-03-1939 |

| Street Address | City, State and ZIP Code |
|---|---|
| 870 Cloverdale Ln, Bolingbrook, IL 60440 | |

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. (If more than two, list under PARTICULARS below.)

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| UNITED PARCEL SERVICE | 500 or More | (708) 387-3441 |

| Street Address | City, State and ZIP Code |
|---|---|
| One Ups Way, Hodgkins, IL 60525 | |

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| | | |

| Street Address | City, State and ZIP Code |
|---|---|
| | |

DISCRIMINATION BASED ON (Check appropriate box(es).)

☐ RACE  ☐ COLOR  ☐ SEX  ☐ RELIGION  ☐ NATIONAL ORIGIN
☒ RETALIATION  ☒ AGE  ☐ DISABILITY  ☐ OTHER (Specify below.)

DATE(S) DISCRIMINATION TOOK PLACE
Earliest: 03-14-2007   Latest: 03-14-2007

☐ CONTINUING ACTION

THE PARTICULARS ARE (If additional paper is needed, attach extra sheet(s)):

I was hired by Respondent on November 7, 1997. My most recent position was Feeder Driver. On December 5, 2005, I sustained an injury on the job. In or around February 2007, I made a protected complaint. On March 14, 2007, I was terminated.

I believe I have been discriminated against because of my age 67 (d/o/b 12/03/1939), in violation of the Age Discrimination in Employment Act of 1967, as amended. I also believe I have been retaliated against for engaging in a protected activity, in violation of the Age Discrimination in Employment Act of 1967, as amended.

RECEIVED-EEOC

AUG 15 2007

CHICAGO DISTRICT OFC

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – When necessary for State and Local Agency Requirements |
|---|---|
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.<br>SIGNATURE OF COMPLAINANT |
| Aug 15, 2007   *John W Relf*<br>Date         Charging Party Signature | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE (month, day, year) |

EEOC Form 161 (3/98)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

## DISMISSAL AND NOTICE OF RIGHTS

To:  John W. Reliford
     870 Cloverdale Ln
     Bolingbrook, IL 60440

From:  Chicago District Office
       500 West Madison St
       Suite 2800
       Chicago, IL 60661

CERTIFIED MAIL #7000 0600 0022 1012 6672

☐  On behalf of person(s) aggrieved whose identity is
   CONFIDENTIAL (29 CFR §1601.7(a))

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 440-2007-07161 | Carol Milazzo,<br>Investigator | (312) 353-7453 |

THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:

☐  The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

☐  Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

☐  The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

☐  Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

☐  Having been given 30 days in which to respond, you failed to provide information, failed to appear or be available for interviews/conferences, or otherwise failed to cooperate to the extent that it was not possible to resolve your charge.

☐  While reasonable efforts were made to locate you, we were not able to do so.

☐  You were given 30 days to accept a reasonable settlement offer that affords full relief for the harm you alleged.

☒  The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

☐  The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

☐  Other (briefly state)

## - NOTICE OF SUIT RIGHTS -
(See the additional information attached to this form.)

**Title VII, the Americans with Disabilities Act, and/or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a state claim may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years)** before you file suit may not be collectible.

On behalf of the Commission

John P. Rowe                     12/3/07

Enclosures(s)                    John P. Rowe,
                                 District Director                (Date Mailed)

cc:    UNITED PARCEL SERVICE

EXHIBIT 2

## EMPLOYEE SEPARATION AGREEMENT

This Employee Separation Agreement (hereinafter "Agreement") is entered into between John W. Reliford (hereinafter "Employee") and UNITED PARCEL SERVICE (hereinafter "the Company").

WHEREAS:

A.    Employee is employed at the Company and is willing to voluntarily resign from said employment and waive all rights with respect to any matter connected with Employee's employment with the Company and separation of said employment;

B.    The Company is willing to accept such resignation and will give additional compensation to Employee in return as set forth below:

NOW THEREFORE, in consideration of the mutual covenants stated herein, Employee and the Company agree as follows:

1.    Employee freely and voluntarily resigns from employment at the Company, effective 3-14-07        , and agrees not to apply for employment or reinstatement at any Company facility at any time in the future or at any Company affiliate, related entity, parent corporation and subsidiary;

2.    Employee expressly waives, releases and forever discharges the Company, its affiliates, related entities, parent corporations and subsidiaries, and all current and former directors, administrators, supervisors, managers, agents, officers, partners, stockholders, attorneys, insurers and employees of the Company and its affiliates, related entities, parent corporations and subsidiaries, from any and all claims, actions and causes of action, at law or in equity, known or unknown, directly or indirectly relating to or connected with Employee's employment with the Company or separation of said employment, including but not limited to, any and all claims of age discrimination under the Age Discrimination in Employment Act of 1967 (hereinafter "ADEA") as amended by the Older Workers Benefit Protection Act, Title VII of the Civil Rights Act of 1964, as amended 42 U.S.C. § 2000e et seq., 42 U.S.C. § 1981, the Civil Rights Act of 1991, the Illinois Human Rights Act, the Americans with Disabilities Act, the Family Medical Leave Act, the Employee Retirement Income Security Act of 1974, all other forms of employment discrimination under any federal, state or local statute or ordinance, wrongful termination, retaliatory discharge, breach of express, implied or oral contract, interference with contractual relations and defamation, intentional infliction of emotional distress and any other tort or contract claim under common law of any state or for attorneys' fees, based on any act, transaction, circumstance or event contemporaneous with, or prior to, the date of this Agreement. Employee further waives and relinquishes any right to file any grievance or claim, including but not limited to those involving the Employee's separation from the Company, pursuant to any grievance procedure including, but not limited to the Company's Employment Dispute Resolution process.

3.    Upon the passage of at least fourteen (14) days of receiving an executed, unrevoked signature by Employee and upon compliance by Employee with all other terms of this Agreement, the Company agrees to pay Employee the amount of $200.00, less applicable tax withholdings. Employee further acknowledges that the Company has no standard policy of paying severance to employees and that Employee would not have been entitled to any severance payment from the Company. Employee and the Company agree and acknowledge that this amount includes all attorneys' fees and costs. Employee agrees the amount set forth herein is good and adequate consideration for the covenants contained herein. Should the Employee attack or contest in any way the validity of this release, the Employee promises to immediately tender to Company the amount set forth herein as a condition to bringing or maintaining any action.

4.      Employee agrees to return to UPS prior to the receipt of payment pursuant to paragraph 3 herein all UPS property he possesses, including but not limited to any identification card, badge, keys and uniform.

5.      Employee acknowledges that this waiver and release of rights and claims include a waiver of any rights and claims arising under the Age Discrimination in Employment Act, as amended by the Older Workers Benefit Protection Act. Employee understands he is not waiving rights or claims that may arise after the date this waiver is executed. Employee acknowledges that the rights and claims specified herein exceeds anything of value to which he already is entitled. Employee acknowledges that he was advised in writing on 03/13/07, to consult with an attorney prior to executing this agreement. Employee acknowledges that he has entered into this agreement knowingly and voluntarily with full understanding of its terms and after having had the opportunity to seek and receive advice and counsel from his personal or legal counsel of his choosing. Employee acknowledges that he was given a period of twenty-one (21) days within which to consider this agreement and was so advised in writing on 03/13/07. Employee understands that he may revoke this agreement during the seven (7) days following the execution of this agreement and that the agreement shall not become effective or enforceable until that seven (7) day revocation has expired.

6.      Employee agrees that the terms of this Agreement are confidential and promises not to disclose any of the terms hereof to anyone with the exception of Employee's immediate family and financial advisors.

7.      Employee and Company agree that neither this Agreement nor the performance hereunder constitutes an admission by Company of any violation of any federal, state or local law, regulation, common law, of any breach of any contract or any other wrongdoing of any type.

8.      EMPLOYEE ACKNOWLEDGES THAT EMPLOYEE HAS FULLY READ AND FULLY UNDERSTOOD THIS AGREEMENT; THAT EMPLOYEE ENTERED INTO IT FREELY AND VOLUNTARILY AND WITHOUT COERCION OR PROMISES NOT CONTAINED IN THIS AGREEMENT; THAT EMPLOYEE WAS GIVEN THE OPPORTUNITY TO REVIEW THIS AGREEMENT WITH LEGAL COUNSEL OF EMPLOYEE'S CHOICE BEFORE SIGNING IT, AND THAT EMPLOYEE WAS ENCOURAGED TO CONSULT WITH AN ATTORNEY PRIOR TO SIGNING IT.

9.      This Agreement shall be construed and enforced pursuant to the laws of the State of Illinois as to substance and procedure, including all questions of conflicts of laws. The provisions of this Agreement shall be severable. The unenforceability or invalidity of any one or more provisions shall not render any other provision unenforceable or invalid.

Signed in duplicate this 14th day of March, 2007, at Joliet, Illinois.

EMPLOYEE: _Jo[ -W-Relf_

WITNESS _Shirley Relford_

UNITED PARCEL SERVICE, INC.

BY: _Mia Rulit_

TITLE: _7-?-s - 12s_

- 2 -

EXHIBIT 3

NO. 0903   P. 2/4

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

Received

MAR 1 7 2008

UPS Corp. Legal

**Plaintiff(s)**
John W. Reliford
370 Cloverdale Lane
Bolingbrook, IL 60440
(630)378-0475

08CV1266
JUDGE COAR
MAG. JUDGE ASHMAN

**Defendant(s)**
United Parcel Service (UPS)
One UPS Way
Hodgkins, IL 60525

FILED

MAR - 3 2008

## COMPLAINT

MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

Age Discrimination-the following are some of the discriminatory actions taken against me by UPS.

1. Reluctant to hire until pressured.
2. Tried to terminate me through unfair training tactics after being hired.
3. Trainers were told to give me inadequate training and then flunk me.
4. My employment was almost terminated before I became certified by them launching a sham on the premises.
5. My employment was in jeopardy by falsifying my work records before I became eligible for pension.
6. UPS forced me to sign a separation agreement before they would do the right thing concerning my worker's compensation injury.
7. UPS breached various articles in my union collective bargaining contract because of age discrimination.
8. UPS caused me to operate unsafe and defective equipment to cause my performance level to go down qualifying me for job termination.

There are other age discriminatory acts that UPS and its associates committed against my wife and I as a result of retaliation to addressing the issue of age discrimination throughout the years of this course of action.

For years I have appealed to many people to stop the discriminatory course of action against me, with little result. The following list includes some of the people who were contacted in regards to my complaint.

1. My immediate supervisors
2. My on-the-job managers
3. The local HR department
4. The local union
5. UPS national HR
6. UPS CEO

The discrimination worsened after the truck accident that I had on the job.

On December 9, 2005 I was involved in a on the job truck
accident. UPS used the settlement of the truck accident to coerce
me into the signing of an Employee Job Separation Agreement.
The agreement was signed by me in the effort to secure back  *pay And*
insurance treatment for my wife to save her life and to prevent
foreclosure on our home along with other very important reasons.
The negative treatment and violations by UPS against me was a
continuous practice. The discrimination was consistent and
documented from the beginning of my filling out an application for
employment with UPS until date. It went on and on without relief.
There were unreasonable delays in UPS in the providing fair and
reasonable treatment to me as they were trying to force my
termination of employment because of my age. The actions of
UPS towards me caused me pain, suffering, and unfortunately with
the untimely death of my wife, Shirley Reliford, a financial
hardship on me.


John W. Reliford


370 Cloverdale Lane
Bolingbrook, IL 60440
(630) 378-0475
Date:  3-3-08