**FILED**
MAY 0 1 2008
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JOHN W. RELIFORD, ) | |
| ) | |
| Plaintiff, ) | No. 08 CV 1266 |
| ) | |
| v. ) | Judge David H. Coar |
| ) | Magistrate Judge Martin C. Ashman |
| UNITED PARCEL SERVICE, ) | |
| ) | |
| Defendant. ) | |

### PLAINTIFF'S MOTION AGAINST DEFENDANT'S

### MOTION TO DISMISS COMPLAINT

Your Honor, it appears that United Parcel Service (UPS) has little or no interest in the illegal actions that occurred against my deceased wife and me. UPS could have conducted proper investigations to correct the injustices. UPS has appeared to be more concerned about technicalities to dismiss my case and claims against them.

I realize my case is an unusual case. However, I do believe due to the mitigating circumstances of my case, it seems fit to ask the Honorable Judge David H. Coar and Honorable Magistrate Judge Martin C. Ashman to **not** dismiss my complaint and allow me to continue presenting my case against UPS. United Parcel Service has used illegal tactics to coerce me into signing an Employee Separation Agreement while withholding my Workers' Compensation payments and medical benefits for my critically ill wife and me. My initial response was based upon my prior experiences that I had with UPS. UPS had established an age discrimination pattern against me that I believed would remain

consistent throughout the tenure of my employment.

At the time of my signing the Employment Separation Agreement, while UPS was withholding my Workers' Compensation payments and medical benefits, my wife of 33 years was in need of medical insurance that was due to her through my employment with UPS. I believed proper medical care was essential to save my wife's life. Without the signing of the Employment Separation Agreement, UPS was refusing to release my Workers' Compensation payments and medical benefits. My wife died on September 11, 2007 due to cancelled UPS medical benefits which resulted in changes of doctors and treatment personnel.

- Contrary to UPS background statement of case – "The EEOC found no evidence of discrimination and issued Reliford a Dismissal and Notice of Rights letter in December 2007."
    1. I, John W. Reliford, obtained the Notice of Suit Rights from the Illinois Department of Human Rights – EEOC on or about December 15, 2007 giving me the right to sue UPS based on Age Discrimination.

- UPS states for the purposes of this motion that UPS - "will assume that the factual allegations in Reliford's Complaint are true."
    2. I, John W. Reliford, have complained about age discrimination for over 10 years

- In UPS's argument – "Reliford's claims are barred by the Employee Separation Agreement he knowingly and voluntarily executed in March 2007"
    3. As a joint attempt by UPS and my local Union 710 on March 14, 2007 they tried to validate the Employee Separation Agreement and proceed with the job termination. I, John W. Reliford was never notified by UPS or my union of the results of that grievance hearing. Therefore, I am still an active UPS employee. The Employee Separation Agreement document is currently unresolved. The monetary settlement that I, John W. Reliford, received from UPS's insurance company Liberty Mutual was awarded to me through the Illinois Industry Commission for 50% total man injury.

- UPS states on page 6 first paragraph –"Also…insurance treatment for my wife to save her…."
    4. I, John W. Reliford, stated the …insurance treatment for my wife to save her life. I firmly believed that receiving treatment using my UPS insurance could have prevented her from undue suffering and an untimely death. I prioritized the saving of my wife's life and not to avoid a trial or litigation on my worker's compensation claim.

- In UPS's argument – "Reliford's claims are time-barred because the underlying charge was fired more than 300 days after the initial act of alleged discrimination"
    5. I, John W. Reliford, reported my initial and subsequent age discrimination complaints at all levels of authority at UPS – immediate supervisor, job manager, district manager, union, local Human Resources, Corporate Human Resources, Corporate Manager, and CEO of UPS. Also, I filed the case with EEOC and was given the Notice of Suit Rights.

- In UPS's argument – "Reliford's claims are barred because they are beyond the scope of the underlying EEOC charge"
    6. I, John W. Reliford, repeatedly gave UPS warning of the conduct that resulted in age discrimination against me. Thereby giving UPS all manner of opportunities to attempt numerous conciliations.

- In UPS's argument – "This means that the EEOC charge and the complaint must, at a minimum, describe the same conduct and implicate the same individuals."
    7. I, John W. Reliford, state the age discrimination acts were constant, of the same motives (age discrimination) by the same high ranking manager and supported by his UPS associates (managers, trainers, and time keeper).

I, John W. Reliford, would like the following relief from UPS:
- to reactivate my job status with back pay
- restore my proper job seniority
- pay off my home mortgage (approximately $297,000) to comply with my deceased wife's wishes – to have a home for her children and grandchildren
- reinstate my deceased wife's life insurance policy and give my family her death benefits
- pay all unpaid hospital bills for my deceased wife
- Also, any other treatment that is equable and fair that United Parcel Service's corporate management may deem just

In conclusion, I, John W. Reliford, for reasons set forth herein, it seems fit to ask the

Honorable Judge David H. Coar and Honorable Magistrate Judge Martin C. Ashman to

**not** dismiss my complaint against UPS.


John W. Reliford
Plaintiff
807 Cloverdale Lane
Bolingbrook, IL 60440

By: _____
John W. Reliford
Plaintiff

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

John W. Reliford
**PLAINTIFF**

VS.

United Parcel Service
**DEFENDANT**

CASE NO. CV 08 1266

## PROOF OF SERVICE

TO: United Parcel Attny
Meghan E Riley

TO: _____

TO: _____

I, the undersigned (plaintiff / defendant), certify that on the ____ day of _____, ____, I served a copy of this __Motion__ to each person whom it is directed by way of _____.

Name: John W. Reliford
Address: 870 Cloverdale LN
City/Zip: Bolingbrook IL 60440
630 378 0475