## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| JOHN W. RELIFORD, | ) | |
| | ) | |
| Plaintiff, | ) | No. 08 CV 1266 |
| | ) | |
| v. | ) | Judge David H. Coar |
| | ) | Magistrate Judge Martin C. Ashman |
| UNITED PARCEL SERVICE, | ) | |
| | ) | |
| Defendant. | ) | |

### UPS' ANSWER AND COUNTERCLAIM

Defendant United Parcel Service, Inc. ("UPS"), submits its Answer and Counterclaim to the Complaint filed by John W. Reliford ("Reliford" or "Plaintiff"), and states as follows:

### ANSWER AND AFFIRMATIVE DEFENSES[1]

Age Discrimination-the following are some of the discriminatory actions taken against me by UPS.

**ANSWER:**    UPS denies the allegations of this unnumbered paragraph. Further answering, UPS denies that it discriminated against Plaintiff in any way protected by law or statute.

1.    Reluctant to hire until pressured.

**ANSWER:**    Count 1 was dismissed pursuant to this Court's Order dated July 8, 2008.

2.    Tired (sic) to terminate me through unfair training tactics after being hired.

**ANSWER:**    Count 2 was dismissed pursuant to this Court's Order dated July 8, 2008.

---

[1] The Court's Order dated July 8, 2008, refers to the eight numbered claims in the Complaint as "counts." For consistency, Defendant will follow the same format for the numbered allegations in its Answer.

3.     Trainers were told to give me inadequate training and then flunk me.

**ANSWER:**     Count 3 was dismissed pursuant to this Court's Order dated July 8, 2008.

4.     My employment was almost terminated before I became certified by them launching a sham on the premises.

**ANSWER:**     Count 4 was dismissed pursuant to this Court's Order dated July 8, 2008.

5.     My employment was in jeopardy by falsifying my work records before I became eligible for pension.

**ANSWER:**     UPS denies the allegations of Count 5.  Further answering, UPS denies that it discriminated or retaliated against Plaintiff in any way protected by law or statute.

6.     UPS forced me to sign a separation agreement before they would do the right thing concerning my worker's compensation injury.

**ANSWER:**     UPS denies the allegations of Count 6.  Further answering, UPS denies that it discriminated or retaliated against Plaintiff in any way protected by law or statute.

7.     UPS breached various articles in my union collective bargaining contract because of age discrimination.

**ANSWER:**     UPS denies the allegations of Count 7.  Further answering, UPS denies that it discriminated or retaliated against Plaintiff in any way protected by law or statute.

8.     UPS caused me to operate unsafe and defective equipment to cause my performance level to go down qualifying me for job termination.

**ANSWER:**     UPS denies the allegations of Count 8.  Further answering, UPS denies that it discriminated or retaliated against Plaintiff in any way protected by law or statute.

There are other age discriminatory acts that UPS and its associates committed against my wife and I as a result of retaliation to addressing the issue of age discrimination throughout the years of this course of action.

**ANSWER:**     UPS denies the allegations of this unnumbered paragraph.     Further answering, UPS denies that it discriminated or retaliated against Plaintiff in any way protected by law or statute.

For years I have appealed to many people to stop the discriminatory course of action against me, with little result.

**ANSWER:**     UPS denies the allegations of this unnumbered paragraph.     Further answering, UPS denies that it discriminated or retaliated against Plaintiff in any way protected by law or statute.

The following list includes some of the people who were contacted in regards to my complaint.
1.     My immediate supervisors
2.     My on-the-job managers
3.     The local HR department
4.     The local union
5.     UPS national HR
6.     UPS CEO

**ANSWER:**     UPS denies the allegations of this unnumbered paragraph.     Further answering, UPS denies that it discriminated or retaliated against Plaintiff in any way protected by law or statute.

The discrimination worsened after the truck accident that I had on the job.

**ANSWER:**     UPS denies the allegations of this unnumbered paragraph.     Further answering, UPS denies that it discriminated or retaliated against Plaintiff in any way protected by law or statute.

- 3 -

On December 9, 2005 I was involved in a (sic) on the job truck accident.

      **ANSWER:**   Defendant admits the allegations of this unnumbered paragraph.


UPS used the settlement of the truck accident to coerce me into the signing of an Employee Job Separation Agreement.

      **ANSWER:**   UPS denies the allegations of this unnumbered paragraph. Further answering, UPS denies that it discriminated or retaliated against Plaintiff in any way protected by law or statute.


The agreement was signed by me in the effort to secure back pay and insurance treatment for my wife to save her life and to prevent foreclosure on our home along with other very important reasons.

      **ANSWER:**   UPS is without knowledge or information sufficient to form a belief as to the financial reasons Plaintiff elected to sign the agreement, and, thus, denies the allegations of this unnumbered paragraph. Further answering, UPS denies that it discriminated or retaliated against Plaintiff in any way protected by law or statute.


The negative treatment and violations by UPS against me was a continuous practice.

      **ANSWER:**   UPS denies the allegations of this unnumbered paragraph. Further answering, UPS denies that it discriminated or retaliated against Plaintiff in any way protected by law or statute.

- 4 -

The discrimination was consistent and documented from the beginning of my filling out an application for employment with UPS until date.

**ANSWER:**     UPS denies the allegations of this unnumbered paragraph.     Further

answering, UPS denies that it discriminated or retaliated against Plaintiff in any way protected

by law or statute.

It went on and on without relief.

**ANSWER:**     UPS denies the allegations of this unnumbered paragraph.     Further

answering, UPS denies that it discriminated or retaliated against Plaintiff in any way protected

by law or statute.

There were unreasonable delays in UPS in the providing fair and reasonable treatment to me as they were trying to force my termination of employment because of my age.

**ANSWER:**     UPS denies the allegations of this unnumbered paragraph.     Further

answering, UPS denies that it discriminated or retaliated against Plaintiff in any way protected

by law or statute.

The actions of UPS towards me caused me pain, suffering, and unfortunately with the untimely death of my wife, Shirley Reliford, a financial hardship on me.

**ANSWER:**     UPS denies the allegations of this unnumbered paragraph.     Further

answering, UPS denies that it discriminated or retaliated against Plaintiff in any way protected

by law or statute.

WHEREFORE, having fully answered, UPS requests that this Court dismiss the

Complaint and award UPS its costs, including attorneys' fees, and other relief the Court deems

just.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

The allegations of the Complaint fail to state a claim upon which relief can be granted.

WHEREFORE, having fully answered, UPS requests that this Court dismiss the Complaint and award UPS its costs, including attorneys' fees, and other relief the Court deems just.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff is barred from any recovery because he has failed to exercise reasonable efforts to mitigate his alleged damages.

WHEREFORE, having fully answered, UPS requests that this Court dismiss the Complaint and award UPS its costs, including attorneys' fees, and other relief the Court deems just.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the doctrine of unclean hands.

WHEREFORE, having fully answered, UPS requests that this Court dismiss the Complaint and award UPS its costs, including attorneys' fees, and other relief the Court deems just.

- 6 -

## FOURTH AFFIRMATIVE DEFENSE

Plaintiff is barred from asserting any claim for punitive damages since any alleged discriminatory conduct would be contrary to UPS' anti-discrimination and anti-retaliation policies, programs and procedures, all of which constitute good faith efforts to comply with the applicable federal laws.

WHEREFORE, having fully answered, UPS requests that this Court dismiss the Complaint and award UPS its costs, including attorneys' fees, and other relief the Court deems just.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiff may not recover any damages based on allegations of occurrences set forth in the Complaint that allegedly occurred more than 300 days prior to the date Plaintiff filed his charge of discrimination.

WHEREFORE, having fully answered, UPS requests that this Court dismiss the Complaint and award UPS its costs, including attorneys' fees, and other relief the Court deems just.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiff may not recover any damages based on allegations of occurrences set forth in the Complaint that are outside the scope of Plaintiff's underlying EEOC charge of discrimination.

WHEREFORE, having fully answered, UPS requests that this Court dismiss the Complaint and award UPS its costs, including attorneys' fees, and other relief the Court deems just.

- 7 -

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiff is barred from asserting any claim for age discrimination or retaliation arising out of his employment with or separation from UPS because he knowingly and voluntarily entered into an Employee Separation Agreement with UPS in which he specifically released "any and all claims" "relating to or connected with Employee's employment with the Company or separation of said employment, including but not limited to, any and all claims of age discrimination under the Age Discrimination in Employment Act of 1967" and waived any right to file a claim against UPS.

WHEREFORE, having fully answered, UPS requests that this Court dismiss the Complaint and award UPS its costs, including attorneys' fees, and other relief the Court deems just.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the doctrine of accord and satisfaction.

WHEREFORE, having fully answered, UPS requests that this Court dismiss the Complaint and award UPS its costs, including attorneys' fees, and other relief the Court deems just.

## NINTH AFFIRMATIVE DEFENSE

Plaintiff is estopped, including judicially estopped, from claiming that UPS failed to return him to work at UPS and that UPS terminated his employment due to his age or any other unlawful reason because in settling his claim under the Illinois Workers' Compensation Act, Plaintiff represented to UPS that his physical restrictions were of a permanent nature and rendered him no longer able to perform his job at UPS.

- 8 -

UPS asserts that the doctrine of estoppel, including judicial estoppel, bars Plaintiff from claiming that he was or is capable of performing the essential job functions of his position and capable of returning to work.

WHEREFORE, having fully answered, UPS requests that this Court dismiss the Complaint and award UPS its costs, including attorneys' fees, and other relief the Court deems just.

QBACTIVE\920018.01174\6336343.1

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| JOHN W. RELIFORD, | ) | |
| | ) | |
| Plaintiff, | ) | No. 08 CV 1266 |
| | ) | |
| v. | ) | Judge David H. Coar |
| | ) | Magistrate Judge Martin C. Ashman |
| UNITED PARCEL SERVICE, | ) | |
| | ) | |
| Defendant. | ) | |

| | | |
|---|---|---|
| UNITED PARCEL SERVICE, INC., | ) | |
| | ) | |
| Counter-Plaintiff, | ) | No. 08 CV 1266 |
| | ) | |
| v. | ) | |
| | ) | |
| JOHN W. RELIFORD, | ) | |
| | ) | |
| Counter-Defendant. | ) | |

## UPS' COUNTERCLAIM FOR BREACH OF CONTRACT

Defendant United Parcel Service, Inc. ("UPS"), pursuant to Fed.R.Civ.P. 13(a), hereby pleads the following counterclaim against Plaintiff John W. Reliford ("Reliford"). In support of its counterclaim, UPS states as follows:

### PARTIES

1.     Reliford was employed by UPS in Illinois as a feeder driver between April 1999 and April 2007. Reliford has also resided in Illinois at all times relevant, continues to reside in Illinois, and is a citizen of Illinois.

2.     UPS is an Ohio corporation doing business in Illinois with its principal place of business in Atlanta.

- 10 -

JURISDICTION AND VENUE

3.    This Court has subject matter jurisdiction over the counterclaim pursuant to 28 U.S.C. § 1332 because Reliford has breached a contact with UPS in amounts in excess of $75,000. Jurisdiction also exists under 28 U.S.C. § 1367.

4.    The counterclaim is properly before this Court pursuant to Fed.R.Civ.P. 13(a).

FACTUAL BACKGROUND

5.    On or about March 14, 2007, in Joliet, Illinois, Reliford signed and entered into an Employee Separation Agreement (the "Agreement") with UPS. A true and correct copy of the Agreement is attached hereto as Exhibit A, and is incorporated herein by reference.

6.    When he signed the Agreement, Reliford freely and voluntarily resigned from his UPS employment effective March 14, 2007, as set forth in Paragraph B(2) of the Agreement.

7.    Reliford expressly released UPS from various claims and waived any right to file any claim against UPS arising out of his employment with and separation from UPS, including those under the Age Discrimination in Employment Act of 1967, as set forth in Paragraph B(2) of the Agreement, which states in relevant part:

> Employee expressly waives, releases and forever discharges the Company…from any and all claims, actions and causes of action, at law or in equity, known or unknown, directly or indirectly relating to or connected with Employee's employment with the Company or separation of said employment, including but not limited to, *any and all claims of age discrimination under the Age Discrimination in Employment Act of 1967 (hereinafter "ADEA")…all other forms of employment discrimination under any federal, state, or local statute or ordinance….Employee further waives and relinquishes any right to file any grievance or claim*, including but not limited to those involving the Employee's separation from the Company, pursuant to any grievance procedure including, but not limited to the Company's Employment Dispute Resolution process.

- 11 -

8.    In exchange and consideration for Reliford's release of claims and covenant not to file any claims against UPS, UPS paid to Reliford $200, less applicable tax withholdings, as set forth in Paragraph B(3) of the Agreement.

9.    Reliford acknowledged in Paragraph B(3) of the Agreement that UPS had no standard policy of paying severance to employees and that, but for the Agreement, Reliford would not have been entitled to the $200 gross payment.

10.    As part of his release and covenant not to file any claims against UPS, Reliford acknowledged in Paragraph B(5) of the Agreement that he had been advised in writing on March 13, 2007, to consult with an attorney prior to executing the Agreement.

11.    Reliford also acknowledged in Paragraph B(5) of the Agreement that he understood he could revoke the Agreement during the seven (7) days following execution of the Agreement and that the Agreement would not become effective or enforceable until the seven (7) day revocation had expired.

12.    Reliford did not revoke the Agreement during the seven (7) day revocation period.

13.    UPS fulfilled its obligation under the Agreement when it made the $200 gross payment to Reliford.

14.    Reliford accepted and cashed the check from UPS.

15.    On March 3, 2008, Reliford filed his Complaint (Reliford v. UPS, No. 08CV1266) with this Court alleging that UPS discriminated and retaliated against him in violation of the ADEA.

- 12 -

## COUNT I – BREACH OF CONTRACT

16.     UPS incorporates by reference the other paragraphs in this pleading as if fully set forth herein.

17.     As set forth herein, Reliford entered into a valid and enforceable Agreement with UPS wherein he agreed to release UPS of any and all claims and waived any right to file any claims arising out of his employment with and separation from UPS

18.     Reliford breached the Agreement with UPS when he filed his Complaint in this Court.

19.     As a result of Reliford's breach of the Agreement, UPS will continue to incur legal fees and costs in excess of $75,000 to defend itself against his Complaint.

20.     UPS is entitled to have the Employee Separation Agreement declared valid and enforceable and to recover all damages incurred as a result of said breach, including but not limited to its attorneys' fees and costs incurred as a result of Reliford's breach of the Agreement.

WHEREFORE, UPS prays that this Court:

a.      Declare the Employee Separation Agreement valid and enforceable;

b.      Dismiss Reliford's Complaint against UPS;

c.      Enter judgment in favor of UPS;

d.      Award UPS its costs and expenses, including attorneys' fees, incurred in defending itself against Reliford's Complaint and in bringing this counterclaim;

e.      Award UPS pre- and post-judgment interest; and

f.      Award UPS any other legal and equitable relief to which it is entitled.

- 13 -

JURY DEMAND

UPS demands a trial by jury on all claims and issues triable by jury in this Counterclaim.

Dated:  July 22, 2008                          UNITED PARCEL SERVICE, INC.

                                               By:  /s/ Ellen M. Girard_____
                                                    One of Its Attorneys

John A. Klages
Ellen M. Girard
Quarles & Brady LLP
500 West Madison Street, Suite 3700
Chicago, IL 60661
(312)  715-5000
(323) 715-5155 (Fax)
egirard@quarles.com

- 14 -

## CERTIFICATE OF SERVICE

The undersigned attorney certifies that on July 22, 2008, a copy of the foregoing UPS' Answer and Counterclaim was filed electronically. Notice of this filing will be sent to the following parties by operation of the Court's electronic filing system.

The undersigned also certifies that she served a true and correct copy of the foregoing UPS' Answer and Counterclaim to Complaint upon:

> John W. Reliford
> 370 Cloverdale Lane
> Bolingbrook, IL 60440

by placing same in the U.S. Mail at 500 West Madison Street, Chicago, Illinois 60661, properly addressed and first class postage prepaid, before 5:00 p.m. on July 22, 2008.

/s/ Ellen M. Girard

## EMPLOYEE SEPARATION AGREEMENT

This Employee Separation Agreement (hereinafter "Agreement") is entered into between John W. Reliford (hereinafter "Employee") and UNITED PARCEL SERVICE (hereinafter "the Company").

WHEREAS:

A.    Employee is employed at the Company and is willing to voluntarily resign from said employment and waive all rights with respect to any matter connected with Employee's employment with the Company and separation of said employment;

B.    The Company is willing to accept such resignation and will give additional compensation to Employee in return as set forth below:

NOW THEREFORE, in consideration of the mutual covenants stated herein, Employee and the Company agree as follows:

1.    Employee freely and voluntarily resigns from employment at the Company, effective 3-14-07 , and agrees not to apply for employment or reinstatement at any Company facility at any time in the future or at any Company affiliate, related entity, parent corporation and subsidiary;

2.    Employee expressly waives, releases and forever discharges the Company, its affiliates, related entities, parent corporations and subsidiaries, and all current and former directors, administrators, supervisors, managers, agents, officers, partners, stockholders, attorneys, insurers and employees of the Company and its affiliates, related entities, parent corporations and subsidiaries, from any and all claims, actions and causes of action, at law or in equity, known or unknown, directly or indirectly relating to or connected with Employee's employment with the Company or separation of said employment, including but not limited to, any and all claims of age discrimination under the Age Discrimination in Employment Act of 1967 (hereinafter "ADEA") as amended by the Older Workers Benefit Protection Act, Title VII of the Civil Rights Act of 1964, as amended 42 U.S.C. § 2000e et seq., 42 U.S.C. § 1981, the Civil Rights Act of 1991, the Illinois Human Rights Act, the Americans with Disabilities Act, the Family Medical Leave Act, the Employee Retirement Income Security Act of 1974, all other forms of employment discrimination under any federal, state or local statute or ordinance, wrongful termination, retaliatory discharge, breach of express, implied or oral contract, interference with contractual relations and defamation, intentional infliction of emotional distress and any other tort or contract claim under common law of any state or for attorneys' fees, based on any act, transaction, circumstance or event contemporaneous with, or prior to, the date of this Agreement. Employee further waives and relinquishes any right to file any grievance or claim, including but not limited to those involving the Employee's separation from the Company, pursuant to any grievance procedure including, but not limited to the Company's Employment Dispute Resolution process.

3.    Upon the passage of at least fourteen (14) days of receiving an executed, unrevoked signature by Employee and upon compliance by Employee with all other terms of this Agreement, the Company agrees to pay Employee the amount of $200.00, less applicable tax withholdings. Employee further acknowledges that the Company has no standard policy of paying severance to employees and that Employee would not have been entitled to any severance payment from the Company. Employee and the Company agree and acknowledge that this amount includes all attorneys' fees and costs. Employee agrees the amount set forth herein is good and adequate consideration for the covenants contained herein. Should the Employee attack or contest in any way the validity of this release, the Employee promises to immediately tender to Company the amount set forth herein as a condition to bringing or maintaining any action.

QBCHI920018.60233381623.1                                    **EXHIBIT A**

4. Employee agrees to return to UPS prior to the receipt of payment pursuant to paragraph 3 herein all UPS property he possesses, including but not limited to any identification card, badge, keys and uniform.

5. Employee acknowledges that this waiver and release of rights and claims include a waiver of any rights and claims arising under the Age Discrimination in Employment Act, as amended by the Older Workers Benefit Protection Act. Employee understands he is not waiving rights or claims that may arise after the date this waiver is executed. Employee acknowledges that the rights and claims specified herein exceeds anything of value to which he already is entitled. Employee acknowledges that he was advised in writing on 03/13/07, to consult with an attorney prior to executing this agreement. Employee acknowledges that he has entered into this agreement knowingly and voluntarily with full understanding of its terms and after having had the opportunity to seek and receive advice and counsel from his personal or legal counsel of his choosing. Employee acknowledges that he was given a period of twenty-one (21) days within which to consider this agreement and was so advised in writing on 03/13/07. Employee understands that he may revoke this agreement during the seven (7) days following the execution of this agreement and that the agreement shall not become effective or enforceable until that seven (7) day revocation has expired.

6. Employee agrees that the terms of this Agreement are confidential and promises not to disclose any of the terms hereof to anyone with the exception of Employee's immediate family and financial advisors.

7. Employee and Company agree that neither this Agreement nor the performance hereunder constitutes an admission by Company of any violation of any federal, state or local law, regulation, common law, of any breach of any contract or any other wrongdoing of any type.

8. EMPLOYEE ACKNOWLEDGES THAT EMPLOYEE HAS FULLY READ AND FULLY UNDERSTOOD THIS AGREEMENT; THAT EMPLOYEE ENTERED INTO IT FREELY AND VOLUNTARILY AND WITHOUT COERCION OR PROMISES NOT CONTAINED IN THIS AGREEMENT; THAT EMPLOYEE WAS GIVEN THE OPPORTUNITY TO REVIEW THIS AGREEMENT WITH LEGAL COUNSEL OF EMPLOYEE'S CHOICE BEFORE SIGNING IT, AND THAT EMPLOYEE WAS ENCOURAGED TO CONSULT WITH AN ATTORNEY PRIOR TO SIGNING IT.

9. This Agreement shall be construed and enforced pursuant to the laws of the State of Illinois as to substance and procedure, including all questions of conflicts of laws. The provisions of this Agreement shall be severable. The unenforceability or invalidity of any one or more provisions shall not render any other provision unenforceable or invalid.

Signed in duplicate this 14th day of March, 2007, at Joliet, Illinois.

EMPLOYEE: _Jef W. Relf_

WITNESS _Shirley Leliford_

UNITED PARCEL SERVICE, INC.

BY: _Alex Rulac_

TITLE: _Ops Mgr._

- 2 -